# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**CRAIG MILLER**,
    Plaintiff,

v.                                2:25-cv-921-NPM

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**,
    Defendant.

---

## ORDER REMANDING CASE TO STATE COURT

In November of 2023, plaintiff Craig Miller was involved in a motor vehicle accident with German Torres, an underinsured motorist. Torres struck Miller's vehicle from behind while Miller was stopped at a traffic light. Miller was 67 years old and wearing his seat belt at the time of the accident.

On September 17, 2025, Miller initiated an action in state court against defendant Allstate Fire and Casualty Insurance Company for underinsured motorist benefits. (Doc. 6). Invoking diversity jurisdiction, Allstate timely removed the case. (Doc. 1). Now, Miller moves to remand the case back to state court.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, that requires a showing of complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). Only the latter is at issue.

The complaint alleges that Miller is seeking damages "in excess of $50,000." (Doc. 6 at ¶ 1). When, as here, a complaint does not allege "a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). But Allstate's notice of removal merely states: "The amount in controversy exceeds $75,000 as is apparent by the allegations in the Complaint and the presuit demand letter." (Doc. 1 at 4). And a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (citations omitted).

In opposition to Miller's motion to remand, Allstate offers a more detailed discussion of Miller's pre-suit demand letter. Miller offered to negotiate down from a $100,000 settlement demand to obtain a resolution without filing suit. The letter referenced $58,542.77 in past medical care expenses, and it suggested that future medical expenses might include medications, pain-management injections, and other medical treatments, including $50,000 to $125,000 for a potential cervical spine surgery. *See generally* Doc. 1 at 10-16. In response—and before removing the action—Allstate offered $9,000.

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of the claim.'" *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, *2 (M.D. Fla. Nov. 5, 2010). Although we have, in many instances, placed little weight on a party's settlement offer or demand letter when determining whether the amount in controversy has been met, *Morris v. Bailo*, No. 2:17-cv-224-FTM-99CM, 2017 WL 7355308, *1 (M.D. Fla. May 1, 2017), a demand that goes beyond mere posturing and offers specific information to make a reasonable assessment of the amount in controversy may be considered. *See Spector v. Suzuki Motor of Am.*, No. 2:17-cv-650-FtM-99CM, 2018 WL 345925, *3 (M.D. Fla. Jan. 9, 2018).

While Miller's demand contains more than just a conclusory request for $100,000, it still falls short of demonstrating—by a preponderance of the evidence—that the amount in controversy exceeds $75,000. Over twenty-two months since the accident, Miller accrued only $58,542.77 in medical bills, involving initial treatment at Cape Coral Hospital's emergency room, physical therapy, chiropractic care, MRIs, and steroidal injections in his cervical and lumbar spine. (Doc. 1 at 12-16). While Miller allegedly suffered disc herniations in his spine and experienced

headaches and hand and wrist pain, and his doctors recommended pain management injections and spine surgery, this only hints at the *possibility* of future medical expenses that, at the time of removal, remained unquantified by any fact or opinion evidence. *Cf. Beauliere v. JetBlue Airways Corp.*, No. 20-CIV-60931-RAR, 2020 WL 6375170, *4 (S.D. Fla. Oct. 29, 2020) (plaintiff seeks only $32,607.27 for past medical expenses and no other damages are specified, justifying remand). Furthermore, there is no evidence—such as a pre-operative clearance—demonstrating that Miller intended to schedule and undergo spine surgery.

Thus, the suggestion that the jurisdictional amount was satisfied *at the time of removal* by unknown future medical costs rests on little more than speculation. *See Johnson-Lang v. Fam. Dollar Stores of Fla.*, LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, *2 (M.D. Fla. Apr. 27, 2021) (finding doctor's recommendation for "acromioplasty," pain management, epidural steroid injections, TENS unit, and possible surgery to be too speculative to establish the amount in controversy); *Pennington v. Covidien LP*, No. 19-cv-273-T-33AAS, 2019 WL 479473, *2 (M.D. Fla. Feb. 7, 2019) (finding that a $110,000 surgery, unscheduled and not yet deemed necessary, was too speculative to be considered in the court's jurisdictional analysis). Therefore, Allstate has not satisfied its burden, and we must remand. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Accordingly, Miller's motion to remand (Doc. 13) is **GRANTED**. The clerk is directed to **REMAND** this case back to state court by transmitting a certified copy of this order to the clerk for Florida's Twentieth Judicial Circuit in and for Lee County with respect to state-court case number 2025-CA-005076, terminate any pending motions and scheduled events, and close the case.

**ORDERED** on December 10, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge